OPINION OF THE COURT
MATHEWS, Judge:
The appellant was convicted, inter aha, of one specification of sodomy with a child under the age of 16, in violation of Article 125, UCMJ, 10 U.S.C. § 925, and one specification of conduct prejudicial to good order and discipline for videotaping a minor engaging in oral sodomy, in violation of Article 134, UCMJ, 10 U.S.C. § 934. On appeal, he alleges that his pleas to these offenses were improvident and that his sentence was inappropriately severe. We disagree and affirm.

Background

The facts necessary for resolution of the assigned errors are these: the appellant purchased a quantity of alcohol, brought it to his dormitory room on Malmstrom Air Force Base, and shared it with RM, a 14-year-old girl. Although he did not know RM’s precise age, the appellant knew she was under the age of 21. Dormitory rules forbid providing alcohol to anyone under 21 years of age; the appellant was aware of these rules, and understood that violating them could result in punishment under military law.
After consuming the alcohol, RM and the appellant engaged in oral sodomy. The appellant at one point pulled away from RM to retrieve a camcorder that he kept in his room. RM then resumed sodomizing the appellant while he videotaped the act. This ended about 90 seconds later, when RM stopped because she was feeling ill and needed to go into the bathroom. She soon thereafter went to sleep. The appellant stipulated that this was a result of the alcohol he gave her.
Although the appellant knew RM was under 21, he told the military judge, he believed her to be over 18. The appellant argues that this was sufficient to render his pleas improvident because sodomy between consenting adults is protected under Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). Thus, he contends, his claimed mistaken belief as to RM’s age amounts to a “matter inconsistent with the plea” under Article 45, UCMJ, 10 U.S.C. § 845, requiring the military judge to reject his guilty plea on the sodomy specification. *712 Id. See generally United States v. Marcy, 62 M.J. 611, 613 (A.F.Ct.Crim.App.2005), pet. denied, 63 M.J. 254 (2006) (when accused raises matter inconsistent with guilty plea, military judge may not accept the plea unless inconsistency can be resolved). He similarly claims his plea to the Article 134, UCMJ, specification was improvident, arguing that he did not “knowingly videotape ... a child under 16 years of age, engaging in oral sodomy” because he did not know RM’s true age.

Providency of the Appellant’s Pleas

We review the military judge’s decision to accept a guilty plea for an abuse of discretion and review the entire record of trial to determine whether such an abuse occurred. United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F.1996); United States v. Johnson, 42 M.J. 443, 445 (C.A.A.F.1995). We find no abuse of discretion here. The appellant’s main assumption—that his sodomy with RM would have been permissible had she been over 18—is incorrect. As our superior appellate court has held, not all sodomy falls within the liberty interest protected in Lawrence. Because of the special need for discipline in the armed forces, conduct that might otherwise be protected under Lawrence may still be punishable under Article 125, UCMJ. This is particularly so when it involves a violation of some other military duty. United States v. Marcum, 60 M.J. 198, 206-07 (C.A.A.F.2004). The appellant’s conduct exemplifies this principle.
Although the appellant may have been misinformed about RM’s true age, he nevertheless understood she was too young to lawfully consume alcohol. As the appellant admitted during the providence inquiry, he received and signed a memorandum when he moved into the dorms which stated that giving alcohol to persons under age 21 “is punishable under the UCMJ.” The record of trial reveals a clear sequence of events. First, the appellant provided RM with alcohol— enough to make her sick, and, we have no doubt, enough to impair her judgment. Next, he proceeded to engage in sodomy with her. We conclude that the appellant’s willful violation of military law, as a precursor to sodomy with RM, took his actions “outside any protected liberty interest recognized in Lawrence.” See United States v. Stirewalt, 60 M.J. 297, 304 (C.A.A.F.2004) (zone of autonomy established by Lawrence must be considered in light of military regulations and the interests of order and discipline they reflect), cert. denied, 544 U.S. 923, 125 S.Ct. 1682, 161 L.Ed.2d 482 (2005).
Because his sodomy with RM was not protected conduct under Lawrence, we conclude that the appellant’s guilty plea to the Article 125, UCMJ, offense was provident. We likewise find that the appellant’s knowing videotaping of this illegal act provided a sufficient factual basis to support his guilty plea on the Article 134, UCMJ, specification, irrespective of his knowledge of RM’s age.
Although we sustain his Article 134, UCMJ, conviction, we find that the maximum punishment for that offense is less than the parties calculated at trial. The parties agreed that the appellant’s conduct was analogous to that forbidden by federal anti-child pornography statutes, exposing the appellant to a maximum of ten years of confinement. 18 U.S.C. §§ 2252(a)(4), 2252(b)(2). To be punished under this statute, however, the appellant must have known not merely that he was videotaping RM as she engaged in sexually-explieit conduct, but also her age. United States v. X-Citement Video, 513 U.S. 64, 78, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). Under the facts of this case, we find that the Article 134, UCMJ, specification is not properly analogous to a violation of 18 U.S.C. § 2252, and the military judge erred when calculating the maximum confinement for the Article 134, UCMJ, offense. Instead, the most closely-related offense is indecent acts with another, for which the maximum punishment includes five years of confinement, rather than ten. Manual for Courts-Martial, United States (MCM), Part IV, ¶ 90e. (2005 ed.).[1]

*713
Sentence Reassessment and Sentence Appropriateness

Having found error in the calculation of the appellant’s maximum possible sentence,[2] we must consider whether we can reassess the sentence. If we can determine that, “absent the error, the sentence would have been at least of a certain magnitude,” then we “may cure the error by reassessing the sentence instead of ordering a sentence rehearing.” United States v. Doss, 57 M.J. 182, 185 (C.A.A.F.2002) (citing United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986)); United States v. Peoples, 29 M.J. 426, 428 (C.M.A.1990).
The maximum punishment for the appellant’s misconduct, as calculated by the parties at trial and accepted by the military judge, was a dishonorable discharge, confinement for 31 years, total forfeitures of pay and allowances, reduction to E-l, and a fine. When correctly calculated, the maximum punishment includes confinement for only 26 years. The disparity between these figures, however, does not affect the facts underlying the appellant’s misconduct, and we are satisfied that the military judge who sentenced the appellant would have arrived at the same sentence using the lesser maximum.
Finally, the appellant contends that his sentence, as adjudged and approved, was inappropriately severe. We consider sentence appropriateness de novo. United States v. Baier, 60 M.J. 382, 383-84 (C.A.A.F.2005); United States v. Hutchison, 57 M.J. 231, 234 (C.A.A.F.2002); United States v. Baker, 28 M.J. 121, 122 (C.M.A.1989). Although we generally consider appropriateness without reference to other sentences, we are required to examine sentence disparities in closely related cases, and permitted—but not required—to do so in other cases. United States v. Wacha, 55 M.J. 266, 267-68 (C.A.A.F.2001) (citing United States v. Ballard; 20 M.J. 282, 286 (C.M.A.1985)); United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F.1999); United States v. Olinger, 12 M.J. 458, 460 (C.M.A.1982) (citing United States v. Mamaluy, 27 C.M.R. 176, 180, 1959 WL 3587 (C.M.A.1959)).
The appellant asks us to consider other cases in which military members who committed other crimes—some similar to his own, some not—were treated more leniently than he. We are neither persuaded that these cases require sentence comparison, nor convinced that the appellant suffered a miscarriage of justice merely because some other offender received a lesser punishment. See United States v. Durant, 55 M.J. 258, 261 (C.A.A.F.2001) (the military justice system “must be prepared to accept some disparity” even in the sentence of codefendants, provided each is sentenced as an individual). We therefore examine the appellant’s sentence in light of the facts specific to his case. Peoples, 29 M.J. at 427; United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982). We note in particular the nature of the appellant’s misconduct; that he committed offenses against two victims; and that he received punishment under Article 15, UCMJ, 10 U.S.C. § 815, for additional misconduct committed just weeks prior to his general court-martial. Taking these factors into account, we find nothing inappropriately severe in his punishment. See United States v. Healy, 26 M.J. 394, 395 (C.M.A.1988).

Conclusion

The findings and sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(e), UCMJ, 10 U.S.C. § 866(c); United States v. Reed, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence, as reassessed, are
AFFIRMED.
Judge SMITH participated in this opinion prior to his reassignment.

. The 2002 edition of the MCM, in effect at the time of the appellant’s trial, contains the same maximum punishment for this offense.

. The appellant does not claim, and we do not And, that the miscalculation of the maximum sentence would have affected his pleas.