**UNITED STATES**

v.

**Airman First Class Dean E. THOMPSON, Jr., United States Air Force.**

**ACM 37380.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 20 Nov. 2008.

3 June 2010.

---

Appellate Counsel for the Appellant: Colonel James B. Roan, Major Shannon A. Bennett, Major Michael A. Burnat, and Captain Reggie D. Yager.

Appellate Counsel for the United States: Colonel Douglas P. Cordova, Lieutenant Colonel Jeremy S. Weber, Captain Naomi N. Porterfield, and Gerald R. Bruce.

Before BRAND, JACKSON, and THOMPSON Appellate Military Judges.

## OPINION OF THE COURT

JACKSON, Senior Judge:

Contrary to the appellant's pleas, a panel of officer members sitting as a general court-martial convicted him of one specification of divers use of ecstasy and one specification of divers use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged sentence consists of a bad-conduct discharge, one year of confinement, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the bad-conduct discharge, nine months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E–1.[1]

On appeal, the appellant asks this Court to set aside the findings of guilt and the sentence, to reassess the sentence and disapprove the bad-conduct discharge, or to grant other appropriate relief. As the basis for his request, the appellant opines that: (1) he received ineffective assistance of counsel[2] and (2) in light of his co-actors' adjudged sentences, his sentence, which includes a punitive discharge and more than twice the confinement received by any other co-actor, is inappropriately severe.[3] Finding no prejudicial error, we affirm the approved findings and sentence.

*Background*

On several occasions between 1 October 2007 and 29 February 2008, the appellant used ecstasy and marijuana with fellow airmen while stationed in Monterey, California. The United States Army Criminal Investiga-

---

1. The convening authority, in an act of clemency, reduced the appellant's adjudged confinement by three months.

2. More specifically, the appellant avers that his trial defense counsel were ineffective because they: (1) conducted a deficient cross-examination of Airman Basic (AB) WP, a co-actor; (2) inappropriately acquiesced to the admission of two of the co-actors' pretrial agreements, did not request limiting instructions in findings or sentencing, and elicited details from the co-actors about their adjudged sentences, pretrial agreement caps, and clemency even though their pre-

trial agreements did not require cooperation or testimony against the appellant; (3) failed to request a deferment/waiver of forfeitures; (4) without authority, conceded the appellant's guilt during the sentencing argument and clemency submission; (5) without authority, conceded the appropriateness of the appellant's punitive discharge and forfeitures during the clemency submission; and (6) committed cumulative errors.

3. Issue 2 is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

tion Division (CID) discovered the appellant's drug use after Airman Basic (AB) PS and AB PD, two of his co-actors, implicated him in their confessions to CID. At trial, Airman First Class (A1C) JC testified that in late 2007, he frequently used marijuana with the appellant and used ecstasy between three and seven times with the appellant. AB PS and AB WP testified that they did not a have a distinct memory of the appellant using ecstasy or marijuana. Without objection, the trial counsel admitted AB PS's and AB WP's pretrial agreements into evidence.

### Ineffective Assistance of Counsel

■ It is well-known that service members have a fundamental right to the effective assistance of counsel at trial by courts-martial. *United States v. Davis,* 60 M.J. 469, 473 (C.A.A.F.2005) (citing *United States v. Knight,* 53 M.J. 340, 342 (C.A.A.F.2000)). Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When there is a lapse in judgment or performance alleged, we ask: (1) whether the trial defense counsel's conduct was, in fact, deficient and, if so, (2) whether the counsel's deficient conduct prejudiced the appellant. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *see also United States v. Polk,* 32 M.J. 150, 153 (C.M.A.1991). Counsel is presumed to be competent and we will not second-guess a trial defense counsel's strategic or tactical decisions. *United States v. Morgan,* 37 M.J. 407, 410 (C.M.A.1993). The appellant bears the heavy burden of establishing that his trial defense counsel was ineffective. *United States v. Garcia,* 59 M.J. 447, 450 (C.A.A.F. 2004); *United States v. McConnell,* 55 M.J. 479, 482 (C.A.A.F.2001).

In response to the appellant's post-trial declaration alleging ineffective assistance of counsel, the government submitted post-trial affidavits from the appellant's trial defense counsel, Major (Maj) JH and Captain (Capt) MT. Maj JH asserts that: (1) although AB WP's testimony bolstered AB PS's testimony, the trial defense counsel decided to conduct a full cross-examination of AB WP in an attempt to highlight as many inconsistencies, contradictions, and lies in his version of events; and (2) he did not object to the admission of the co-actors' pretrial agreements in order to highlight AB WP's and AB PS's potential bias and with the hope that the members would sua sponte use the information to engage in a sentence comparison.

Capt MT asserts that: (1) in conducting AB WP's cross-examination, the trial defense counsel attempted to portray AB WP as a liar; (2) he did not object to the admission of the co-actors' pretrial agreements to highlight AB WP's and AB PS's potential bias and with the hope that the members would sua sponte use the information to engage in a sentence comparison; (3) although he did tell the members that the appellant sat before the members as a drug user during sentencing argument, his comment was not conceding the appellant's guilt but was simply an acknowledgment that the members had found the appellant guilty of using drugs; (4) he did not submit a deferment/waiver of forfeitures request on behalf of the appellant because the appellant and the appellant's wife, despite numerous requests, never provided him with the required banking information for making such a request; and (5) with respect to clemency, the appellant was primarily concerned with reducing his amount of confinement and, after discussions, the appellant agreed to concede the appropriateness of the punitive discharge and the other adjudged punishment in an attempt to reduce the term of his confinement.

We find that the trial defense counsel had strategic reasons for cross-examining AB WP in the manner in which they cross-examined him and in not objecting to the admission of the pretrial agreements. Their decisions were reasonable and we will not second-guess them. We also find that Capt MT did not concede the appellant's guilt during the sentencing argument or in the clemency submission, but was simply acknowledging the members' findings of guilt. Concerning the affidavits, we find that the affidavits conflict in only two aspects— whether the appellant provided Capt MT with the necessary banking information to make a deferment/waiver of forfeitures request and whether the appellant consented to conceding the appropriateness of his puni-

tive discharge and forfeitures in his clemency submission.

When conflicting affidavits create a factual dispute, we cannot resolve it by relying on the affidavits alone; rather, we must resort to a post-trial fact finding hearing. *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). However, we can resolve allegations of ineffective assistance of counsel without resorting to a post-trial evidentiary hearing when, inter alia, the alleged errors would not warrant relief even if the factual dispute were resolved in the appellant's favor. *Id.* at 248. Such is the case at hand.

■ First, we address the deferment/waiver of forfeitures request issue. We note that upon request of a convicted service member, the convening authority may defer an adjudged forfeiture of pay or allowances until the date on which he approves the sentence. Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2); Rule for Courts–Martial (R.C.M.) 1101(c)(2); *United States v. Emminizer*, 56 M.J. 441, 442–43 (C.A.A.F.2002). Moreover, a convening authority may waive automatic forfeitures of pay and allowances for the benefit of a convicted service member's dependents if the service member received a qualifying sentence, is in confinement or on parole, and is entitled to pay and allowances that are subject to mandatory forfeitures. Article 58b(b), UCMJ, 10 U.S.C. § 858b(b); R.C.M. 1101(d)(2); *Emminizer*, 56 M.J. at 444.

However, as the cited authorities make clear, the granting of a deferral/waiver is a matter solely within the discretion of the convening authority. Assuming that the appellant submitted a deferral/waiver of forfeitures request, it is entirely speculative whether the convening authority would have granted such a request. In short, the appellant has failed to make a showing of prejudice. The test for prejudice on a claim of ineffective assistance of counsel is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Under the aforementioned facts of this case, we find no prejudice.

■ Next, we address the concession the appellant made in his clemency submission regarding the appropriateness of his punitive discharge and forfeitures. We find that the trial defense counsel made a strategic decision to forego seeking relief from the punitive discharge and forfeitures in an attempt, which proved successful, to reduce the appellant's confinement. We will not second-guess this strategic decision. Moreover, assuming, arguendo, that the trial defense counsel did not have authority to concede the appropriateness of the appellant's punitive discharge and forfeitures, we find no prejudice. Given the appellant's crimes as well as the crimes and approved sentences of his co-actors, it is highly speculative whether the convening authority would have disapproved, mitigated, or suspended the appellant's adjudged punitive discharge and forfeitures.[4] Put simply, the appellant's trial defense counsel were not ineffective and the cumulative error doctrine does not apply.[5]

### Inappropriately Severe Sentence

We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F.2005). We make such determinations in light of the character of the offender, the nature and seriousness of his offenses, and the entire record of trial.

---

4. The appellant has failed to provide this Court with the information he would have submitted to the convening authority to convince him to grant relief from the adjudged punitive discharge and forfeitures. "In most ineffectiveness cases, an [appellant] is in the best position to identify relevant information and present it to the appellate court. When factual information is central to an ineffectiveness claim, it is the responsibility of the [appellant] to make every feasible effort to obtain that information and bring it to the attention of the appellate court." *United States v. Moulton*, 47 M.J. 227, 230 (C.A.A.F.1997). On this point, the appellant has fallen woefully short and this, in part, causes us to find no prejudice.

5. The cumulative error doctrine is based on the premise that errors exist. *See United States v. Dollente*, 45 M.J. 234, 242 (C.A.A.F.1996) (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1196 (1st Cir.1993)). As this Court has found that the trial defense counsel were not ineffective, the cumulative error doctrine is clearly inapplicable.

*United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982); *United States v. Bare,* 63 M.J. 707, 714 (A.F.Ct.Crim.App.2006), *aff'd,* 65 M.J. 35 (C.A.A.F.2007). Additionally, while we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy,* 50 M.J. 286, 288 (C.A.A.F.1999); *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988).

In closely related cases, this Court will engage in sentence comparisons between the appellant and his co-actors. *United States v. Anderson,* 67 M.J. 703, 705 (A.F.Ct.Crim.App.) (citing *United States v. Wacha,* 55 M.J. 266, 267–68 (C.A.A.F.2001); *United States v. Christian,* 63 M.J. 714, 717 (A.F.Ct.Crim.App.2006), *aff'd in part,* 66 M.J. 291 (C.A.A.F.2008)), *review denied,* 68 M.J. 231 (C.A.A.F.2009). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Lacy,* 50 M.J. at 288. "At [this Court], an appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are *'highly disparate.'* If the appellant meets that burden ... then the Government must show that there is a rational basis for the disparity." *Id.* (emphasis added); *see also United States v. Kent,* 9 M.J. 836, 839 (A.F.C.M.R.1980) (quoting *United States v. Capps,* 1 M.J. 1184, 1188 (A.F.C.M.R.1976)) (noting that service courts may use their Article 66, UCMJ, 10 U.S.C. § 866(c), authority to reduce any disparity that is not supported by "good and cogent reasons").

Unquestionably, the cases of AB WP, AB PS, and AB PD are closely related to the appellant's case, as they were all tried and convicted for drug offenses involving the appellant. Thus, a sentence comparison is warranted with these individual cases. However, there is no evidence that A1C JC and A1C JG were tried and convicted for their drug use. In fact, there is evidence to the contrary.

Since there is little doubt that A1C JC and A1C JG were the appellant's co-actors, are we obliged to conduct a sentencing comparison with these closely related cases that did not result in a court-martial conviction and sentence? We answer this question in the affirmative for A1C JG's case and in the negative for A1C JC's case. *See Snelling,* 14 M.J. at 269 (quoting *United States v. Olinger,* 12 M.J. 458, 461 (C.M.A.1982)) (suggesting that service courts are obliged to compare the dispositions of closely related cases regardless of whether they were resolved at a court-martial or disposed of at a Article 15, UCMJ, 10 U.S.C. § 815, non-judicial proceeding).

Here, the appellant was court-martialed for his drug use but A1C JG received only non-judicial punishment for his drug use. Under such circumstances, a sentence comparison is warranted with A1C JG's case. *See id.* Conversely, a sentence comparison is not warranted with A1C JC's case because there is no evidence that a final disposition has been made in his case, and a sentence comparison of closely related cases is warranted only in cases with a final disposition.[6]

The appellant, AB WP, AB PS, and AB PD all received similar sentences for their crimes. The appellant's adjudged sentence consists of a bad-conduct discharge, nine months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. AB WP's and AB PS's adjudged sentences each consist of a bad-conduct discharge, four months of confinement, and reduction to the grade of E-1. AB PD's sentence consists of a bad-conduct discharge, eight months of confinement, and reduction

**6.** Although Airman First Class (A1C) JC testified at the appellant's court-martial that he had not been tried or held criminally accountable for his crimes and did not expect to be held criminally accountable, there is no evidence in the record that his superiors will not hold him criminally accountable. We refuse to speculate why A1C JC had not been held criminally accountable for his crimes and reach the only finding supported by the record-there has not been a final disposition in his case.

to the grade of E–1.[7] In the final analysis, the sentences of the appellant, AB WP, AB PS, and AB PD are not highly disparate.

■ The same cannot be said when the disposition of the appellant's case is compared with the disposition of A1C JG's case. A1C JG received non-judicial punishment for smoking marijuana on one occasion with one or more of the co-actors. It is readily apparent that the outcomes of the appellant's case and A1C JG's case are highly disparate. However, a rational basis exists for this disparity—the appellant used ecstasy and marijuana on divers occasions whereas A1C JG used only marijuana on only one occasion. The appellant's crimes are more serious, and this distinction justifies the high disparity.

■ We next consider whether the appellant's sentence was appropriate "judged by 'individualized consideration' of the particular [appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.' " *Id.* at 268 (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A.1959)). The appellant seriously compromised his standing as a military member and violated the norms of society and expected standards of military conduct. After carefully examining the submissions of counsel, the appellant's military record, and taking into account all the facts and circumstances surrounding the offenses of which he was found guilty, we do not find that the appellant's sentence, one which includes a bad-conduct discharge and more confinement than his co-actors, is inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

---

**7.** AB WP was an airman and AB PS and AB PD were airman first class at the time of their courts-martial.