# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39699**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dylan J. LAWLER**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 May 2020

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 29 January 2019 by GCM convened at Cannon Air Force Base, New Mexico.

*For Appellant:* Major Christopher C. Newton, USAF

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, KIEFER, and D. JOHNSON *Appellate Military Judges.*

Judge KIEFER delivered the opinion of the court, in which Senior Judge MINK and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KIEFER, Judge:

Appellant was convicted, pursuant to his pleas and a pretrial agreement (PTA), of wrongful use of cocaine on divers occasions, wrongful distribution of

cocaine on divers occasions, and wrongful distribution of marijuana under Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. Pursuant to the terms of the PTA, the convening authority approved 14 months of confinement and the remainder of the adjudged sentence.

Appellant asserts two assignments of error: (1) whether his sentence is inappropriately severe; and (2) whether he was entitled to sentence relief because the conditions of his post-trial confinement were cruel and unusual under the Eighth Amendment to the United States Constitution[3] and Article 55, UCMJ, 10 U.S.C. § 855, or, alternatively, that his post-trial confinement conditions rendered his sentence inappropriately severe pursuant to *United States v. Gay*, 75 M.J. 264 (C.A.A.F. 2016).[4] We find no prejudicial error and affirm.

# I. BACKGROUND

During his guilty plea inquiry, Appellant, a member of the 27th Special Operations Security Forces Squadron, admitted that from October 2016 through October 2017, he wrongfully used cocaine approximately once every four to six weeks. Over this same time frame, on multiple occasions while at parties, Appellant distributed cocaine to his military and civilian friends. In September 2017, Appellant distributed marijuana to a civilian friend in exchange for money.

---

[1] All references in this decision to the Uniform Code of Military Justice are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] We note that the military judge's entry of findings failed to include a finding for Charge I. No objection was raised during trial or post-trial. The Court-Martial Order reflects a finding of Guilty to Charge I. It is clear from review of the entry of pleas, the totality of the guilty plea inquiry, and the findings for the three specifications under Charge I that the finding as to Charge I was Guilty. Although the military judge did not enter a finding of guilty as to Charge I, she entered a finding of guilty to the Specifications of Charge I. That was enough, and we find any curative action is unnecessary. *See United States v. Scearce*, No. ACM 29533, 1993 CMR LEXIS 141, at *3 (A.F.C.M.R. 1993) (unpub. op.) (per curiam) (citing *United States v. Logan*, 15 M.J. 1084, 1085 (A.F.C.M.R. 1983) ("An accused's criminality is determined by the findings as to the specifications, not the charge.").

[3] U.S. CONST. amend. VIII.

[4] Appellant raises both assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Following trial, Appellant was incarcerated for approximately 30 days at the confinement facility at Cannon Air Force Base (AFB), New Mexico, before being transferred to another facility off base. Appellant's Eighth Amendment and Article 55, UCMJ, claims pertain only to his time at the Cannon AFB facility.

Appellant submitted a sworn declaration to this court in support of his argument that his conditions of confinement at Cannon AFB warrant relief. We granted Appellant's motion to attach the declaration to the record. In response, the Government obtained a sworn declaration from SSgt TR, the noncommissioned officer in charge of the Cannon AFB confinement facility. We granted both Appellant's and the Government's motions to attach these declarations. Most of the following facts are from the declarations.

Appellant was in-processed at the Cannon AFB facility on 29 January 2019 by two Security Forces members. They reviewed Appellant's case including the offenses for which he was being confined and his adjudged sentence. Based on this information and using a pre-established evaluation system, they assigned him a custody classification of maximum security. They also instructed Appellant on the rules of the facility, how to perform certain tasks, and the address people should use when sending him mail. Appellant had to be corrected a few times on facility rules during in-processing. Finally, a male staff member of the confinement facility conducted a strip search of Appellant which was observed by a male member of Appellant's unit. The strip search was not viewable by the public or any other confinement facility staff member or inmate.

During Appellant's confinement at the Cannon AFB facility, he was treated in accordance with maximum security protocols including being escorted outside of his cell with handcuffs and leg irons, and wearing shackles when receiving visitors. These protocols continued throughout Appellant's confinement at the Cannon AFB facility.

Appellant claims he requested pen and paper from confinement officials and was not given these items. At some point during his stay in the facility, he was given these items by his fiancée. Appellant does not claim confinement staff members confiscated these items after he received them from his fiancée.

Facility rules permitted Appellant to receive mail, but he claims he only received mail during a portion of his time at the Cannon AFB facility. Confinement staff conducted weekly mail runs during Appellant's time in confinement. One member of the confinement staff stated that he had no recollection of Appellant ever being denied mail.

Appellant was transferred to an off-base confinement facility on 26 February 2019.

## II. DISCUSSION

### A. Sentence Severity and Sentence Comparison

#### 1. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant also asserts, for the first time on appeal in his post-trial declaration, that his sentence is inappropriately severe as compared to other cases. Sentence comparison is required only in closely related cases. *United States v. Christian*, 63 M.J. 714, 717 (A.F. Ct. Crim. App. 2006) (citing *United States v. Wacha*, 55 M.J. 266, 267–68 (C.A.A.F. 2001)), *aff'd in part*, 66 M.J. 291 (C.A.A.F. 2008). Closely related cases include, for example, those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). "[A]n appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are '*highly disparate*.' If the appellant meets that burden, . . . then the Government must show that there is a rational basis for the disparity." *Id.* (emphasis added). The test for whether sentences are highly disparate involves comparison of not only the raw numerical values of the sentences in the closely related cases but also consideration of any disparity in relation to the potential maximum sentence. *Id.* at 289. Some sentence disparity in closely related cases does not alone invalidate an otherwise legal sentence "provided each military accused is sentenced as an individual." *United States v. Durant*, 55 M.J. 258, 261 (C.A.A.F. 2001) (citations omitted).

#### 2. Analysis

With respect to sentence appropriateness, during the guilty plea inquiry, Appellant admitted to using cocaine on multiple occasions, distributing cocaine on multiple occasions, and distributing marijuana on one occasion. During presentencing proceedings, the Government presented evidence that Appellant

used cocaine as often as five to six times per week and told two individuals that he "went to work high on cocaine on multiple occasions while he was on flight and armed up." The Government also presented evidence that Appellant's criminal conduct included distribution of cocaine to members of his Security Forces flight, and as a result, the unit had to modify several work schedules, including the use of 12-hour shifts, which placed a greater demand on its personnel resources. Additionally, Appellant faced a maximum punishment that included 35 years of confinement and a dishonorable discharge. He was adjudged 15 months of confinement and only 14 months were approved pursuant to the PTA. Appellant also received a bad-conduct discharge for divers use and distribution of drugs to civilians and military personnel. Based on our particularized review of this Appellant, these crimes and all of their attendant circumstances, and Appellant's record, we find the approved sentence is appropriate in this case. With respect to sentence comparison, Appellant's post-trial declaration offers no details of the other cited cases beyond a simple listing of alleged offenses and sentences. We find Appellant has failed to meet his burden of showing that the cases noted in his declaration are "closely related." *See Lacy*, 50 M.J. at 288. Further, even a review of the sentences listed fails to demonstrate that Appellant's sentence is "highly disparate." *See id.*

**B. Cruel and Unusual Punishment**

**1. Law**

We review de novo whether an appellant has been subjected to impermissible post-trial confinement conditions in violation of the Eighth Amendment or Article 55, UCMJ. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)).[5] Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply "the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, [UCMJ,] except in circum-

---

[5] All of the information regarding the conditions of Appellant's post-trial confinement was raised after the convening authority took action on the sentence, was submitted by the parties and ordered attached to the record by this court, and was not raised at trial or during clemency. *See United States v. Jessie*, ___ M.J. ___, No. 19-0192, 2020 CAAF LEXIS 188, at *20-21 (C.A.A.F. 6 Apr. 2020) (citation omitted) (in which the Court of Appeals for the Armed Forces (CAAF) recognized the authority of a Court of Criminal Appeals to consider matters outside the record, such as the declarations in this case, when resolving allegations of cruel and unusual punishment pursuant to the Eighth Amendment and Article 55, UCMJ).

stances where . . . legislative intent to provide greater protections under [Article 55, UCMJ,]" is apparent. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citation omitted).

"[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). As the Supreme Court has explained, "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [an appellant]'s health and safety; and (3) that [an appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938 [2000]."

*Lovett*, 63 M.J. at 215 (third and fourth alterations in original) (footnotes omitted) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)). Courts may review various confinement conditions in determining whether a "sufficiently serious" deprivation under the Eighth Amendment has been shown. *Avila*, 53 M.J. at 102.

Further, "[a] prisoner must seek administrative relief prior to invoking judicial intervention" with respect to concerns about post-trial confinement conditions. *Wise*, 64 M.J. at 471) (quoting *White*, 54 M.J. at 472) (other citations omitted). "This requirement 'promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has been developed [to aid appellate review].'" *Id.* (alterations in original) (quoting *Miller*, 46 M.J. at 250); *see also United States v. McPherson*, 73 M.J. 393, 397 (C.A.A.F. 2014). "Absent some unusual or egregious circumstance," an appellant must exhaust both the grievance system at the confinement facility as well as petition for relief under Article 138, UCMJ. *Wise*, 64 M.J. at 469.

**2. Analysis**

On appeal, Appellant asserts that the conditions of his post-trial confinement violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment and Article 55, UCMJ. Appellant claims the following post-trial confinement conditions violated his rights: (1) during his in-pro-

cessing to confinement, he was forced to strip naked in front of a master sergeant and was yelled at by this master sergeant; (2) he was never given pen or paper on which to communicate with friends and family; (3) he was denied mail; (4) his custody grade determination was never upgraded despite his request for such a modification; and (5) he had to wear leg shackles during his time in confinement including in front of his fiancée.

To the extent there are contradictions between Appellant's declaration and SSgt TR's declaration, we considered whether a post-trial evidentiary hearing was required to resolve any factual dispute. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967) (per curiam). We are convinced such a hearing is unnecessary. Even if we resolve any contradictions in Appellant's favor, the alleged conditions would not result in our granting relief. *Ginn,* 47 M.J. at 248.

As a preliminary matter, Appellant failed to seek administrative relief at the confinement facility or through the process required under Article 138, UCMJ. Appellant requested certain items such as pen and paper from jail officials, but these requests do not satisfy the administrative relief requirement. We also do not agree with Appellant that his prior interactions with his unit rise to the level of unusual or egregious circumstances that would excuse his failure to exhaust the prisoner grievance process or petition for relief pursuant to Article 138, UCMJ.

Even upon substantive review of Appellant's Eighth Amendment claims, we find that none of the circumstances cited, neither individually nor collectively, constitute sufficiently serious acts or omissions that resulted in the denial of necessities. Additionally, nothing noted by Appellant demonstrates a culpable state of mind on the part of prison officials amounting to deliberate indifference to Appellant's health and safety. The Government's post-trial declaration from a jail official indicates Appellant was not denied any necessities, despite his claims that he was not initially provided pen or paper and that there may have been delays in delivery of his mail. Further, the circumstances surrounding Appellant's initial strip search upon intake at the facility, someone possibly yelling at Appellant, and the use of leg irons or shackles were consistent with jail policy and do not evidence a culpable state of mind on the part of confinement officials.

Accordingly, we find Appellant's Eighth Amendment and Article 55, UCMJ, rights were not violated.

## C. Confinement Conditions and Sentence Appropriateness

### 1. Law

In addition to his Eighth Amendment and Article 55, UCMJ, claims, Appellant also asserts that the conditions of his post-trial confinement rendered

his sentence inappropriately severe pursuant to *United States v. Gay*, 75 M.J. 264 (C.A.A.F. 2016).

Under Article 66(c), UCMJ, we have broad authority and the mandate to approve only so much of the sentence as we find appropriate in law and fact and may, therefore, grant sentence relief, without finding a violation of the Eighth Amendment or Article 55, UCMJ. *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016); *see United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002). In considering Article 66(c), UCMJ, claims, we have declined to require appellants to demonstrate they have previously exhausted administrative remedies prior to seeking judicial relief. *See United States v. Henry*, 76 M.J. 595, 610 (A.F. Ct. Crim. App. 2017). We instead consider the entire record[6] and typically give "significant weight" to an appellant's failure to exhaust those remedies before requesting judicial intervention. *Id.*

**2. Analysis**

The relevant question under Article 66(c), UCMJ, is whether Appellant's confinement conditions rendered his sentence inappropriately severe. Appellant cites *Gay* as his basis for relief under Article 66(c), UCMJ. In *Gay*, this court addressed an issue of inmate segregation at the request of Air Force officials that was contrary to the civilian confinement facility's procedures. 74 M.J. at 740. This court held that under the circumstances of that case, the appellant was entitled to Article 66(c), UCMJ, relief. *Id.* at 743. The Court of Appeals for the Armed Forces held that this court did not abuse its discretion in granting relief in *Gay* but pointed to the unique facts and legal errors in that case and explained, "[i]n reaching this conclusion, we do not recognize unlimited authority of the Courts of Criminal Appeals to grant sentence appropriateness relief for any conditions of post-trial confinement of which they disapprove." 75 M.J. at 269.

---

[6] We assume, without deciding, that we may consider the same declarations we considered to resolve Appellant's claim under the Eighth Amendment and Article 55, UCMJ, to determine whether Appellant's sentence is inappropriately severe. *See, e.g., United States v. McGriff*, No. ACM 39306, 2018 CCA LEXIS 567, at *24–25 (A.F. Ct. Crim. App. 11 Dec. 2018) (unpub. op.), *rev. denied*, 78 M.J. 487 (C.A.A.F. 2019); s*ee also United States v. DeFalco*, No. ACM 39607, 2020 CCA LEXIS 164, at *13 n. 10 (A.F. Ct. Crim. App. 21 May 2020) (unpub. op.) (citing *United States v. Jacinto*, ___ M.J. ___, No. 201800325, 2020 CCA LEXIS 136, at *42–43 (N.M. Ct. Crim. App. 30 Apr, 2020) (in which our sister court recently held that in conducting its review pursuant to Article 66, UCMJ, as it pertains to claims related to the Eighth Amendment or Article 55, "ultimately approv[ing] a sentence 'on the basis of the entire record' . . . could easily include items attached to the record on appeal")).

The facts of this case are far different from the issues in *Gay*. Even considering a broader application of the principles from *Gay*, and assuming the accuracy of every aspect of Appellant's declaration, Appellant has failed to demonstrate the types of post-trial confinement conditions that would render his sentence inappropriately severe. As outlined above, Appellant was not denied necessities, no facility or Air Force policies were violated, and he was not subjected to circumstances that in any way increased the severity of his sentence. Thus, we decline to order sentence relief pursuant to Article 66(c), UCMJ.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court