# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38974**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Gabriel J. ROSS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 April 2017

———————————

*Military Judge:* Shaun S. Speranza.

*Approved sentence:* Dishonorable discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 27 October 2015 by GCM convened at Seymour Johnson Air Force Base, North Carolina.

*For Appellant:* Major Lauren A. Shure, USAF.

*For Appellee:* Major Jeremy D. Gehman, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges.*

Senior Judge DUBRISKE delivered the opinion of the Court, in which Judges HARDING and C. BROWN joined.[1]

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

---

[1] Senior Judge Dubriske participated in this decision prior to his reassignment.

DUBRISKE, Senior Judge:

Consistent with his pleas pursuant to a pretrial agreement (PTA), Appellant was convicted by a military judge sitting alone of attempted receipt of child pornography and receipt of child pornography, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 934. Appellant pleaded not guilty to an additional specification alleging distribution of child pornography. This offense was withdrawn and dismissed by the Government in accordance with the terms of the PTA upon acceptance of Appellant's guilty pleas.

Appellant was sentenced to a dishonorable discharge, 16 months of confinement, forfeiture of all pay and allowances, and reduction to E-1. The convening authority only approved 15 months of confinement pursuant to the PTA; otherwise, he approved the sentence as adjudged.

Appellant raises three issues on appeal: (1) his "inhumane" post-trial confinement conditions warrant sentencing relief under Article 66(c), UCMJ, 10 U.S.C. § 866; (2) his sentence is inappropriately severe; and (3) the record of trial is incomplete as an exhibit containing images of child pornography found on Appellant's computer is inoperable.

The challenged exhibit attached to the original record of trial is operable and was examined by the court during its review of Appellant's case. As such, this specific assignment of error is without merit. We also find Appellant is not entitled to relief on the remaining two issues and affirm the findings and sentence.

## I. BACKGROUND

Over the course of approximately four months, Appellant used peer-to-peer software on his personal computer to search for and download child pornography. Appellant received approximately 400 videos and still images of child pornography during this time period.

Appellant's misconduct was discovered by a Homeland Security Investigations (HSI) special agent during routine Internet monitoring for individuals trafficking in child pornography. The special agent was able to connect to Appellant's computer via peer-to-peer software and download videos depicting children engaging in sexually explicit conduct. Thereafter, HSI obtained a search warrant for Appellant's on-base dormitory room.

During the execution of the search warrant, Appellant agreed to talk with HSI about his on-line activities. Appellant initially denied knowingly down-

loading child pornography. He advised he was only using his peer-to-peer software to locate adult pornography and would immediately delete any images appearing to depict a child.

After being confronted by HSI with his specific search terms indicative of child pornography, Appellant admitted he intentionally sought out child pornography when he became "bored" with adult pornography.

## II. DISCUSSION

### A. Post-Trial Confinement Conditions

At the completion of his trial, Appellant was temporarily confined at the Sampson County Detention Center in Clinton, North Carolina for 17 days until he was transferred to a military confinement facility to serve the remainder of his sentence. Appellant does not assert that the conditions of his post-trial confinement in the civilian facility amounted to cruel or unusual punishment in violation of the Eighth Amendment[2] or Article 55, UCMJ, 10 U.S.C. § 855. After examining the record, we also find no such violation.

Instead, citing this court's opinion in *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), Appellant requests we exercise our authority under Article 66(c), UCMJ, to disapprove his dishonorable discharge or, alternatively, provide some other form of meaningful relief regarding his sentence. In support of this assignment of error, Appellant provided a sworn declaration detailing his concerns about the conditions of his confinement. Appellant advised he was placed in a segregation cell immediately after he was inprocessed and, apart from a visit to the medical dispensary for a physical, he remained in his cell for the next five days. Over the remainder of his confinement, Appellant claimed he was denied reasonable access to both common areas and recreational activities, estimating he only spent approximately 45 minutes outside of his cell during his entire incarceration at the civilian facility. Appellant noted his cell was filthy and infested with insects.

Appellant also claimed the food at the facility was inedible, resulting in his voluntary consumption of only 7 meals during his 17-day stay. Appellant was only provided with two opportunities to shower and, once clean, was required to wear the same underwear and socks for the duration of his stay. Appellant advised he would request additional clothing, toiletries, writing materials, and other necessities, but his requests would be ignored by confinement personnel.

---

[2] U.S. CONST. amend. VIII.

Appellant claims these egregious conditions and his poor treatment caused him to suffer significant mental distress.

In response, the Government submitted a sworn declaration from Captain FH, the Assistant Jail Administrator at the Sampson County Detention Center. He noted Appellant was not placed on "lockdown" status upon his arrival, but instead was initially processed into the facility as any other inmate. Appellant was placed in a portion of the detention facility which allowed him to be segregated from most other inmates.

After reviewing facility records, Captain FH noted four specific days in which Appellant was provided access to common and recreation areas. In addition to two specific days during which Appellant was given time to shower, Appellant was also authorized to shower during his recreation time. Captain FH confirmed Appellant's cell was cleaned twice during his 17-day incarceration. Personal laundry was collected twice, and Appellant's linens were exchanged out once during his stay at the detention facility.

Captain FH further advised the facility is routinely inspected by the North Carolina Division of Health Service Regulation, with the most recent inspection occurring approximately two months prior to Appellant's incarceration.

Before addressing the merits of Appellant's claim, we first assess whether we should remand this case for a post-trial fact-finding hearing as suggested by Appellant. In *United States v. Fagan*, 59 M.J. 238, 241–42 (C.A.A.F. 2004), our superior court determined that the framework of *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), guides our determination of whether a post-trial fact-finding hearing is necessary to resolve a claim based on the conditions of post-trial punishment. Here, we find no fact-finding hearing is warranted as Appellant's account of his confinement is relatively consistent with Captain FH's declaration on a number of substantive issues, including Appellant's access to common areas and shower facilities. *See Ginn*, 47 M.J. at 248. Additionally, on certain complaints such as the quality of the confinement facility's food, we find the record as a whole "compellingly demonstrates" the improbability of those facts asserted by Appellant. *See id.*

Turning to the merits of Appellant's claim, this court may employ its Article 66(c) authority to grant sentencing relief even in the absence of cruel or unusual punishment in violation of the Eighth Amendment and Article 55. *Gay*, 74 M.J. at 742. In reviewing our decision in *Gay* to use this authority, our superior court noted that *Gay* involved unique facts driven by legal errors in the post-trial process that included both a violation of the appellant's rights under Article 12, UCMJ, 10 U.S.C. § 812, and the ordering of solitary confinement by an Air Force official where an alternative solution was available. *United States*

*v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016). Significantly, our superior court emphasized, "In reaching this conclusion, we do not recognize unlimited authority of the Courts of Criminal Appeals to grant sentence appropriateness relief for any conditions of post-trial confinement of which they disapprove." *Id.* Given these parameters, we have previously noted we will likely only exercise our Article 66(c) authority to grant sentence relief based upon conditions of post-trial confinement in very rare circumstances. *See United States v. Milner*, No. ACM S32338, 2017 CCA LEXIS 84 (A.F. Ct. Crim. App. 7 Feb. 2017) (unpub. op.); *cf. United States v. Nerad*, 69 M.J. 138, 145–47 (C.A.A.F. 2010) (holding that despite our significant discretion in reviewing the appropriateness of a sentence, this court may not engage in acts of clemency).

This case does not present such a rare circumstance; thus, we elect not to grant relief under our Article 66(c) authority. In so holding, we note, contrary to Appellant's characterization as such, he was not kept in solitary confinement. Instead, Appellant was housed in a specific section of the facility to separate him from the general prison population. This section housed other military personnel as well as civilian inmates. Appellant acknowledges he was advised of this more restrictive environment prior to his transfer to the civilian facility.

Appellant also admits he was given at least two opportunities to shower and, although very limited in his opinion, time outside of his cell. Appellant was further allowed two visits by his wife and one visit from his chain of command. Moreover, although he chose not to eat, Appellant was given access to sufficient food. His cell also afforded him basic sanitation needs with a toilet and sink.

After reviewing all of the submitted matters, we are not persuaded that the conditions of Appellant's post-trial confinement rise to the level of being so oppressive as to warrant sentence relief. There is no evidence he was subjected to physical or mental abuse, or otherwise singled out for unusual treatment. Moreover, despite Appellant's characterizations, the circumstances surrounding his 17 days of confinement do not appear to involve the extreme segregation often associated with solitary confinement. Therefore, we decline to use our Article 66(c) power to grant sentence relief.

**B. Sentence Appropriateness**

Appellant also claims his confinement sentence is not appropriate given his case was at the "low end" of severity as compared to other child pornography cases, and his misconduct did not involve the collection of images of children being sexually abused and exploited. Appellant requests his sentence be reduced to at most 12 months of confinement.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *Nerad*, 69 M.J. at 148.

After giving individualized consideration to this particular Appellant, his record of service, the nature and seriousness of the offenses, and all other matters contained in the record of trial, we find the approved sentence is not inappropriately severe. Appellant sought out and received 400 images of child pornography because adult pornography was not enough for him. We acknowledge the charged offenses occurred over a short period of time and Appellant accepted responsibility for his conduct at trial. However, the severity of the offenses causes us to find the approved sentence is not unduly harsh or otherwise inappropriate.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court