# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————

**No. ACM S32420**

————————

**UNITED STATES**
*Appellee*

**v.**

**Daniel T. WHITING**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————

Appeal from the United States Air Force Trial Judiciary

Decided 4 January 2018

————————

*Military Judge:* Charles E. Wiedie, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, and reduction to E-1. Sentence adjudged 17 May 2016 by SpCM convened at Kadena Air Base, Japan.

*For Appellant:* Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Major Joshua R. Traeger, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and DENNIS, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge HARDING and Judge DENNIS joined.

————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————

MAYBERRY, Chief Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas pursuant to a pretrial agreement (PTA), of one specification each of wrongful possession of marijuana with intent to distribute and wrongful distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a,

and one specification of wrongfully endeavoring to impede an investigation in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The court sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant asserts two assignments of error: (1) The convening authority failed to honor the PTA cap on confinement, and (2) Appellant has been improperly denied his pay for accrued leave. We modify the sentence and affirm.

## I. BACKGROUND

On 15 May 2016, Appellant and the special court-martial convening authority (SPCMCA) entered into a PTA wherein Appellant agreed to plead guilty to wrongful possession of marijuana with intent to distribute, distribution of marijuana, and endeavoring to impede an investigation in return for the convening authority's promise to withdraw six other drug-related specifications and to approve no confinement in excess of 179 days.

On 17 May 2016, Appellant providently pleaded to and was found guilty of the aforementioned charges. The military judge sentenced Appellant, *inter alia*, to six months of confinement. During the PTA review, the military judge asked Appellant and counsel whether the convening authority could approve the adjudged sentence and all opined the SPCMCA could not approve the adjudged sentence based on the confinement cap. On 29 June 2016, the SPCMCA approved the sentence as adjudged.

## II. DISCUSSION

### A. Noncompliance with the PTA

A PTA in the military justice system establishes a constitutional contract between the accused and the convening authority. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009). When an appellant asserts the convening authority has not complied with a term of the PTA, the issue of noncompliance is a mixed question of law and fact. *Id.* (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). "The appellant bears the burden of establishing that the term is material and that the circumstances establish governmental

---

[1] Appellant pleaded not guilty to one specification each of wrongful use of marijuana, wrongful possession of 3,4-methylenedioxymethamphetamine (ecstasy) with intent to distribute, wrongful distribution of ecstasy, wrongful use of alprazolam (Xanax), wrongful possession of Xanax with intent to distribute, and wrongful distribution of Xanax in violation of Article 112a, UCMJ. These charges were dismissed with prejudice after the acceptance of Appellant's guilty plea, pursuant to the PTA.

noncompliance." *Id.* (citing *Lundy*, 63 M.J. at 302). Lastly, "[i]n the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Id.* (citing *Lundy*, 63 M.J. at 305). The plea must be withdrawn and the findings and sentence must be set aside if a defect in a material term cannot be cured. *Id.* (citing *United States v. Perron*, 58 M.J. 78, 85–86 (C.A.A.F. 2003)).

The Government concedes the convening authority did not comply with the PTA when he approved the adjudged sentence.[2] We agree and remedy the error in order to provide meaningful relief. On this matter, we can either set aside the action and remand the case for a new action or we can attempt to remedy the error ourselves.

Appellant asks this court to grant him relief in accordance with the terms of the PTA and order the production of a new action. We grant Appellant's request and modify the sentence. We approve the findings and only so much of the sentence that calls for a bad-conduct discharge, reduction to E-1, and 179 days of confinement. This modified sentence rectifies the error and gives Appellant the benefit of his PTA.

## B. Non-payment of Accrued Leave

Jurisdiction is a question of law we review de novo. *Randolph v. HV*, 76 M.J. 27, 29 (C.A.A.F. 2017) (citing *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013)). "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction[.]" *Randolph*, 76 M.J. at 29 (quoting *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015)). Military trial and appellate courts, like all federal courts, are courts of limited jurisdiction. *United States v. Wuterich*, 67 M.J. 63, 70 (C.A.A.F. 2008). "They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The scope and meaning of Article 66(c), UCMJ, the source of this court's authority, is a matter of statutory interpretation, which, as a question of law, is reviewed de novo. *United States v. Schloff,* 74 M.J. 312, 313 (C.A.A.F. 2015) (citations omitted), *cert. denied*, 136 S. Ct. 915 (2016). Article 66(c) establishes the jurisdiction of a military court of criminal appeals (CCA) as follows:

> In a case referred to it, the [CCA] may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sen-

---

[2] By approving six months of confinement, the convening authority approved 183 days confinement, thereby exceeding the 179-day cap of the PTA.

tence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(c).

That Appellant was not paid for his accrued leave is an issue distinct from the sentence approved by the convening authority. Article 66(c) does not extend a CCA's reach to all finance or personnel matters that may have some link to a court-martial sentence. A CCA is authorized by Article 66(c) to grant relief for sentence appropriateness if it finds a "legal deficiency in the post-trial process." *Unites States v. Gay,* 75 M.J. 264, 269 (C.A.A.F. 2016). The CAAF in *Gay* did not recognize unlimited authority under Article 66(c), UCMJ, for a CCA to grant sentencing relief, including for errors collateral to the court-martial process. *Id.* The matter of nonpayment is plainly a collateral administrative matter to the sentence approved by the convening authority. "Article 66(c), UCMJ, does not grant this court jurisdiction over a pay dispute absent a nexus to the approved sentence." *United States v. Buford*, ___ M.J. ___, No. ACM 39087, 2017 CCA LEXIS 762, at *2 (A.F. Ct. Crim. App. 19 Dec. 2017).

A bare claim of illegal punishment, absent some evidence of intent to subject an appellant to illegal post-trial punishment, did not establish jurisdiction over collateral pay issues. Like the appellant in *Buford*, Appellant failed to present any evidence to establish wrongful intent, namely, that any military official withheld his pay for accrued leave in order to increase the severity of his sentence and impose illegal post-trial punishment. We are not persuaded that we should exercise our limited authority to grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of his court-martial sentence.

### III. CONCLUSION

The approved findings and sentence, as modified, are correct in law and fact, Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence, as modified, are **AFFIRMED.**

FOR THE COURT

*Katie Potter*

KATHLEEN M. POTTER
Acting Clerk of the Court

4