# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**William C. McALHANEY, Airman Basic**
United States Air Force, Appellant

**No. 22-0170**
Crim. App. No. 39979

Argued November 8, 2022—Decided March 24, 2023

Military Judge: Elizabeth M. Hernandez

For Appellant: *Major Eshawn R. Rawlley* (argued); *Major David L. Bosner* and *Mark C. Bruegger*, Esq.

For Appellee: *Major Jay S. Peer* (argued); *Colonel Naomi P. Dennis*, *Lieutenant Colonel Matthew J. Neil*, and *Mary Ellen Payne*, Esq. (on brief); *Major Brittany M. Speirs.*

Judge SPARKS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge MAGGS, Judge HARDY, and Senior Judge STUCKY joined.

———————

Judge SPARKS delivered the opinion of the Court.

Appellant argues that the United States Air Force Court of Criminal Appeals erred in applying a plain error standard of review to the question of whether the adjudged reprimand was appropriate as written as part of its sentence appropriateness review under Article 66(d)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d)(1) (2018). We agree, and therefore set aside the lower court's decision and remand the case for a new Article 66(d)(1), UCMJ, review.

## I. Background

The lower court summarized the relevant background as follows:

> Appellant began communicating with 15-year-old NC using the Snapchat and iMessage applications prior to entering active duty. NC told Appellant she was 15 years old. Appellant and NC stopped communicating while Appellant was in basic military training (BMT) but resumed after he arrived at Sheppard Air Force Base (AFB), Texas, for technical school. In January 2019, Appellant asked whether NC would send him a nude photograph or video of herself. Appellant paid $30.00 to NC for a short video of NC having sex with a 17-year-old male that Appellant did not know. Appellant received and viewed the video.
>
> Appellant also communicated with ST before leaving for BMT. ST told Appellant that she was 15 years old. Appellant asked ST "whether she enjoyed masturbating with a hairbrush," offered to buy her a sex toy, and asked if she would let him see her using the sex toy. Appellant asked ST for a nude photograph, and ST sent him a photograph of her genitals with a wooden hairbrush penetrating her vulva.

*United States v. McAlhaney*, No. ACM 39979, 2022 CCA LEXIS 135, at *2-3, 2022 WL 600800, at *1 (A.F. Ct. Crim. App. Feb. 28, 2022) (unpublished) (footnotes omitted).

A military judge sitting as a general court-martial found Appellant guilty, consistent with his pleas, of one

specification of wrongful receipt of child pornography and one specification of wrongful possession and viewing of child pornography, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2018). The military judge sentenced Appellant to a bad-conduct discharge, confinement for three months, and a reprimand. After reviewing Appellant's clemency matters and consulting with her staff judge advocate, the convening authority signed a Convening Authority Decision on Action memorandum. In the Decision on Action, the convening authority stated: "I take no action on the findings in this case," and "I take no action on the sentence in this case." Following these statements, the Decision on Action set out the wording for Appellant's reprimand, which stated:

> Your decision to wrongfully view and possess child pornography promoted the abuse and harm of children, and furthered the criminal enterprise of human sex trafficking, which is directly linked to child pornography. Your conduct has no place within the Armed Force [sic] or society at large. Be warned, further misconduct will result in additional criminal liability.

In relevant part, on appeal to the lower court, Appellant challenged the language in the reprimand as being "unduly severe, inflammatory, inaccurate, and unsupported by the evidence in the record." 2022 CCA LEXIS 135, at *9, 2022 WL 600800, at *4 (internal quotation marks omitted). Appellant contended that the errors in the reprimand made his sentence inappropriately severe. *Id.* at *2, 2022 WL 600800, at *1.

Stating that it conducts a de novo review of the sentence under Article 66(d)(1), UCMJ, as part of its responsibility to decide sentence appropriateness, the lower court appears to have found that adjudging a reprimand as a punishment was not overly severe. *Id.* at *10-12, 2022 WL 600800, at *4-5. Next, the lower court noted that because Appellant failed to object to the language used in the reprimand prior to his appeal, it would consider "whether the reprimand was factually inaccurate such that it constituted plain or obvious error." *Id.* at *12, 2022 WL

600800, at \*5. In a footnote, the lower court explained that Appellant's failure to file a post-trial motion under Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 ed.), forfeited his right to object to the factual accuracy of the reprimand, absent plain error.[1] 2022 CCA LEXIS 135, at \*14 n.11, 2022 WL 600800, at \*6 n.11. Ultimately, the lower court found no plain error in any of the challenged statements in the reprimand. *Id.* at \*14-16, 2022 WL 600800, at \*6. The lower court affirmed the findings and sentence. *Id.* at \*16, 2022 WL 600800, at \*6. We then granted review of the following issue:

> Did the lower court err by applying plain error review in considering a question of sentence appropriateness, to wit: whether the wording of the reprimand rendered Appellant's sentence inappropriately severe?

*United States v. McAlhaney*, 82 M.J. 419, 419-20 (C.A.A.F. 2022) (order granting review).

## II. Standard of Review and Governing Law

The scope, applicability, and meaning of Article 66(d), UCMJ, is a matter of statutory interpretation that we review de novo. *United States v. Gay*, 75 M.J. 264, 267 (C.A.A.F. 2016). The Court of Criminal Appeals "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence" as they find "correct in law and fact," and which they determine "on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ. These three components of the lower court's Article 66(d), UCMJ, authority are commonly referred to as legal sufficiency ("correct in law"), factual sufficiency ("correct in . . . fact"), and sentence appropriateness ("may affirm only . . . such part or amount of the sentence, as [it] . . . determines, on the basis of the entire record, should be approved"). Under Article 66(d), UCMJ, the Court of Criminal Appeals conducts a de novo review of the record

---

[1] The lower court cited R.C.M. 1104(d)(2)(B), but both parties and this Court agree that this was a scrivener's error, and the lower court intended to cite R.C.M. 1104(b)(2)(B).

for legal sufficiency, factual sufficiency, and sentence appropriateness. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

A reprimand is among the punishments that a court-martial may adjudge as an authorized sentence. R.C.M. 1003(b)(1). "A court-martial shall not specify the terms or wording of a reprimand." *Id.* If imposed, the reprimand "shall be issued, in writing, by the convening authority." *Id.* "A reprimand adjudged by a court-martial is a punitive censure." R.C.M. 1003(b)(1) Discussion.

R.C.M. 914 provides an opportunity for either party to file a post-trial motion to address, among other matters, "[a]n allegation of error in the convening authority's action under R.C.M. 1109 or 1110." R.C.M. 1104(b)(1)(F). Parties have five days after receiving the convening authority's action to file a post-trial motion alleging "error in the action of the convening authority." R.C.M. 1104(b)(2)(B). "An accused's failure to file a post-trial motion within the allotted time forfeits his or her right to object to the accuracy of the convening authority's decision on an action, absent plain error." *United States v. Miller*, 82 M.J. 204, 207 (C.A.A.F. 2022).

### III. Discussion

As an initial matter, Appellant's failure to object to the factual language in the reprimand in a post-trial motion did not forfeit this issue. We presume that the lower court based its forfeiture finding on the convening authority issuing the reprimand through the action memorandum. However, issuing the reprimand through the action memorandum did not make the reprimand an "error in the convening authority's action," which first must be addressed via a post-trial motion to preserve an appellate challenge pursuant to R.C.M. 1104(b)(1)(F). The lower court appears to have conflated the action and the issuance of a written reprimand. While it is true that convening authorities typically issue the reprimand via the same instrument as the action, nonetheless, there is no rule requiring these two acts to be effectuated via the same

instrument or even at the same time. R.C.M. 1109 and R.C.M. 1110, which govern post-trial convening authority actions, do not require that a convening authority issue the written reprimand with its action. Similarly, R.C.M. 1003(b)(1) governing reprimands makes no mention of action, or any other instrument, by which the convening authority shall issue a reprimand, specifying only that a reprimand shall be issued in writing. R.C.M. 1104(b)(1)(F) addresses "[a]n allegation of error in the convening authority's action under R.C.M. 1109 or 1110." Because R.C.M. 1109 and R.C.M. 1110 do not require that a convening authority issue the written reprimand with its action, we conclude that R.C.M. 1104(b)(1)(F) is not meant to address inappropriately severe reprimand challenges under Article 66(d), UCMJ.

The Government, nonetheless, argues that the lower court applied the proper de novo standard to its Article 66(d)(1), UCMJ, review of whether Appellant's reprimand was appropriate. The Government admits that whether the lower court erred by applying plain error review in considering the legal or factual correctness of Appellant's reprimand is "debatable." The Government contends, however, that the standard of review the lower court applied to the factual correctness question does not matter to our analysis of the granted issue, because the lower court had already reviewed the sentence appropriateness of Appellant's reprimand using the correct de novo standard.

We disagree with the Government. Although there is no prior case law discussing whether a challenge to the wording of the adjudged reprimand is reviewed by the lower court for legal sufficiency, factual sufficiency, or sentence appropriateness, we note that under any of these legal umbrellas, the appropriate standard of review is de novo. *Lane*, 64 M.J. at 2. It appears from our review of the lower court's opinion that the lower court conducted a two-pronged analysis of the reprimand. First, the lower court reviewed de novo whether sentencing Appellant to a reprimand was overly severe. *McAlhaney*, 2022 CCA LEXIS 135, at *10-12, 2022 WL 600800, at *4-5. The lower

court then reviewed for plain error whether the language used in the reprimand was factually accurate. *Id.* at *12, 2022 WL 600800, at *5.

The lower court erred to the extent it separated Appellant's allegation of error in the reprimand into two issues. Because a reprimand is a component of an adjudged sentence, Appellant's challenge to the reprimand, both generally and as written, implicated sentence appropriateness which is reviewed de novo. *Lane*, 64 M.J. at 2. The lower court failed to analyze whether the reprimand was appropriate, as written, under the proper de novo standard of review. To ensure that Appellant was not prejudiced by the lower court's seemingly erroneous view of the law, we set aside the lower court's opinion and remand the case for a new Article 66(d), UCMJ, determination using the correct de novo standard of review. We express no view as to how the new review should be resolved. That is a matter committed to the discretion of the lower court.

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to the findings and set aside as to the sentence. The case is returned to the Judge Advocate General of the Air Force for remand to the United States Air Force Court of Criminal Appeals for a new review, consistent with this opinion, under Article 66(d)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (d)(1) (2018).