# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**No. ACM 23017**

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Joseph C.G. CLARK**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary[1]

Decided 6 September 2024

―――――――――――――

*Military Judge*: Joshua D. Rosen.

*Sentence*: Sentence adjudged on 16 November 2022 by SpCM convened at MacDill Air Force Base, Florida. Sentence entered by military judge on 3 January 2023: Confinement for 80 days, forfeiture of $1,000.00 pay per month for 3 months, and reduction to E-1.

*For Appellant*: Major Heather M. Bruha, USAF; Second Lieutenant Lora W. Ivy, USAF (legal intern).[2]

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Vanessa Bairos, USAF; Major Brittany M. Speirs, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire; Michael A. Love (legal intern).[3]

―――――――――――――

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A), pursuant to the National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117–263, § 544, 136 Stat. 2395, 2582–84 (23 Dec. 2022).

[2] Second Lieutenant Lora W. Ivy is a legal intern who was at all times supervised by an attorney admitted to practice before this court.

[3] Michael A. Love is a legal intern who was at all times supervised by an attorney admitted to practice before this court.

Before ANNEXSTAD, DOUGLAS, and MASON, *Appellate Military Judges*.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Judge DOUGLAS and Judge MASON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Senior Judge:

The military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful possession of methamphetamine, one specification of wrongful use of methamphetamine on divers occasions, and one specification of wrongful use of Ambien, a Schedule IV controlled substance, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; and one specification of failure to obey a lawful general regulation on divers occasions by using Tramadol contrary to the prescription instructions in violation of Article 92, UCMJ, 10 U.S.C. § 892.[4] The military judge sentenced Appellant to confinement for 80 days, forfeiture of $1,000.00 pay per month for 3 months, and reduction to the grade of E-1.[5] The convening authority took no action on the findings or sentence.

Appellant raises two issues on appeal which we have rephrased: (1) whether the conditions of Appellant's confinement subjected him to cruel and unusual punishment in violation of the Eighth Amendment[6] and Article 55, UCMJ, 10 U.S.C. § 855, or rendered his sentence inappropriately severe; and (2) whether the Government can prove that 18 U.S.C. § 922 is constitutional because it cannot demonstrate that here, where Appellant was not convicted

---

[4] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[5] The military judge specifically sentenced Appellant to 50 days' confinement for possessing methamphetamine, 80 days' confinement for using methamphetamine on divers occasions, 50 days' confinement for wrongfully using Ambien, and 70 days' confinement for failure to obey a lawful general regulation on divers occasions, with all periods of confinement to run concurrently.

[6] U.S. CONST. amend. VIII.

of a violent offense, the statute is consistent with the nation's historical tradition of firearm regulation.[7]

After carefully considering issue (2), we find Appellant is not entitled to relief. As we explained in *United States v. Vanzant*, 84 M.J. 671, No. ACM 22004, 2024 CCA LEXIS 215, at *24 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore,* 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), this court lacks authority to provide the requested relief regarding the 18 U.S.C. § 922 prohibition notation on the staff judge advocate's indorsement to the entry of judgment or Statement of Trial Results. As to the remaining issue, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant served over 14 years in the United States Air Force. In March 2022, due to his drug abuse, Appellant was referred to the Alcohol and Drug Abuse Prevention and Treatment program and was eventually diagnosed with depression. On 6 April 2022, Appellant voluntarily participated in an interview with Office of Special Investigations agents about his drug use, and admitted to wrongful use and possession of methamphetamine and Ambien, a Schedule IV controlled substance, and to intentional misuse of Tramadol. This led to Appellant's special court-martial on 16 November 2022.

Near the conclusion of Appellant's court-martial, the military judge confirmed with Appellant that his trial defense counsel had advised him in writing of his post-trial and appellate rights. This document, with signed acknowledgements by Appellant and both of his trial defense counsel, included the following advice:

> In order to get relief for the poor conditions of your confinement, you ordinarily must exhaust every administrative avenue available to try to correct the issue. This includes (1) submitting a complaint to the confinement facility, (preferably in writing); (2) requesting relief through clemency (if known at that time); and (3) filing a complaint with the commander who ordered your confinement under Article 138, UCMJ[, 10 U.S.C. § 938].

On 16 November 2022, Appellant was sentenced and immediately entered confinement in Pinellas County Jail (PCJ) in Clearwater, Florida, a civilian

---

[7] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).

confinement facility. On 19 November 2022, Appellant, through his trial defense counsel, submitted a request for clemency to the convening authority. In his submission of matters, he requested relief due to the "inhumane" conditions of his confinement. Specifically, he claimed that confinement officials denied him access to his medications, did not feed him three times per day, and held him in solitary confinement. On 22 November 2022, the convening authority elected to take no action on the findings and sentence. On 5 December 2022, Appellant was transferred to Charleston Naval Consolidated Brig, South Carolina, where he remained until his release on 4 February 2023.

On appeal, Appellant's counsel moved to attach to the record a declaration from Appellant dated 27 June 2024, which this court granted. Appellant's declaration reiterated some of the concerns raised in his clemency memorandum and raised additional concerns Appellant again asserted that he was kept in solitary confinement and was only allowed out of his cell to make phone calls. On this point, Appellant provided that the "only other human interactions he had" was with the prison staff when they delivered his medications. Appellant also alleged that he did not receive the medication prescribed for his disorders until his fifth day in prison, two days after his initial evaluation by the prison medical staff, and that the medication he was prescribed at the PCJ was of a lower dosage than what he was previously prescribed. Appellant explained that during his three weeks at the PCJ he experienced side effects of "nausea[,] . . . an increase in [ ] depression, extreme loneliness, hopelessness, and suicidal ideation[s]" due to the delay in receiving his medication and alleged lower dosage of that medication.

In response, the Government moved to attach declarations from EJ, a security forces armed transfer agent at MacDill Air Force Base, and from CC, the commander of the Department of Detention and Corrections at the Pinellas County Sheriffs' Office, which this court granted. In his declaration, EJ stated he was notified of Appellant's complaints on 21 November 2022. He investigated Appellant's claims and found that it is PCJ's policy to house Air Force inmates away from the general population for safety reasons. He also stated that, based on a tour of the PCJ, he certified that the single-person cells "are large enough to have a bed, sink, and toilet inside of them."

CC's declaration explained that a single-occupancy cell, like the one assigned to Appellant, was 95 square feet with its own toilet, shower, and a window measuring two square feet. She also stated that Appellant was placed under protective custody upon entry into PCJ to ensure his safety and that protective custody cells house only one person. She also provided that while in protective custody, Appellant was offered outdoor recreation which he declined, and Appellant "utilized a telephone, on eight different dates for a total of nearly three hours and attended six video visits, each lasting nearly forty

minutes." She also provided Appellant had "at least, sixty interactions with security staff and three visits by a social worker."

CC also discussed Appellant's prescription medications. She explained that PCJ's policy for prescription medications states, "As long as a detainee is on verified medications, the regimen will be started immediately unless the medications are non-formulary." CC confirmed that PCJ received Appellant's medications upon his entry into confinement and administered them in accordance with PCJ policy. On this point, she did provide that some of Appellant's medications were formulary and that they were ordered and administered on 17 November 2022, and that the non-formulary medications required approval by the appropriate physician. These non-formulary medications were approved, and Appellant received them on 19 November 2022. Finally, as to Appellant's medications, CC confirmed that Appellant "received each medication as prescribed," daily, except on two days when he refused one of them and signed a refusal of treatment form on those occasions.

During his time in confinement at PCJ, Appellant did not use either the PCJ grievance system nor the Article 138, UCMJ, complaint process.

## II. DISCUSSION

### A. Law

We review de novo "whether an appellant has been subjected to impermissible conditions of confinement in violation of the Eighth Amendment or Article 55, UCMJ." *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)).

"Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply the [United States] Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, UCMJ, except where legislative intent to provide greater protections under Article 55, UCMJ, is apparent." *United States v. Gay*, 74 M.J. 736, 740 (A.F. Ct. Crim. App. 2015) (citation omitted), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). "[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). To demonstrate a violation of the Eighth Amendment, an appellant must show:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to

[his] health and safety; and (3) that he "has exhausted the pris-
oner-grievance system . . . and that he has petitioned for relief
under Article 138, UCMJ, [10 U.S.C. § 938 (2000)]."

*Id.* (omission in original) (footnotes omitted); *see also United States v. Pullings*, 83 M.J. 205, 206 (C.A.A.F. 2023) (applying the *Lovett* test to claims of cruel and unusual confinement conditions).

The United States Court of Appeals for the Armed Forces (CAAF) has held that an appellate court may grant relief due to confinement conditions even in the absence of an Eighth Amendment or Article 55, UCMJ, violation, provided it finds a legal error that warrants relief. *United States v. Gay*, 75 M.J. 264, 268 (C.A.A.F. 2016).

**B. Analysis**

As an initial matter, we may consider the declarations from Appellant, EJ, and CC, along with the documents attached to the declarations for Appellant's claimed violations of the Eighth Amendment and Article 55, UCMJ. *See United States v. Jessie*, 79 M.J. 437, 440–44 (C.A.A.F. 2020). Here, because Appellant's allegedly unlawful confinement conditions are also raised by the record, and are not fully resolvable within the record itself, we may also consider these declarations in determining whether Appellant's confinement at PCJ warrants sentence relief pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), even in the absence of an Eighth Amendment or Article 55, UCMJ, violation. *See United States v. Willman*, 81 M.J. 355, 358 (C.A.A.F. 2021), *cert. denied*, 142 S. Ct. 2811 (2022); *Jessie*, 79 M.J. at 442 (citations omitted); *Gay*, 75 M.J. at 268.

We have considered whether a post-trial evidentiary hearing is required to resolve contradictions between Appellant's assertions and those of the PCJ administrator and of the security forces transfer agent. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967) (per curiam); Article 66(f)(3), UCMJ. We find such a hearing is not required. To the extent Appellant asserts he was not made aware of the PCJ's grievance procedures, the record compellingly demonstrates otherwise. *See Ginn*, 47 M.J. at 248. With regards to other discrepancies among the declarations, even if we resolved the differences in Appellant's favor, he would not be entitled to relief. *See id.*

As the CAAF recently reaffirmed in *Pullings*, Appellant bears the burden to demonstrate all three conditions set forth in *Lovett* have been met in order to be entitled to relief under the Eighth Amendment or Article 55, UCMJ—including the requirement that he petitioned for relief under Article 138, UCMJ, and exhausted the PCJ grievance system. 83 M.J. at 209 (citing *Lovett*, 63 M.J. at 215). Upon review of the record, we conclude that Appellant has

failed to meet his burden to demonstrate that he sought relief pursuant to Article 138, UCMJ, or that he exhausted the PCJ grievance system. To the contrary, the record compellingly demonstrates Appellant did not attempt to use the prisoner-grievance system or the Article 138, UCMJ, process at all with respect to the claims he has raised on appeal. *See Ginn*, 47 M.J. at 248. Moreover, we find no cause to excuse Appellant's failure to pursue such relief before seeking relief from the appellate courts. Appellant was advised of the necessity to exhaust administrative remedies in the written post-trial and appellate rights advisement memorandum he acknowledged signing before his court-martial. Appellant does not dispute that he failed to make a formal grievance or complaint, or to initiate an Article 138, UCMJ, complaint. Therefore, Appellant cannot prevail, and under the circumstances of this case we do not decide the merits of Appellant's claims with respect to the remaining *Lovett* requirements.

We have also considered whether Appellant's claims warrant sentence relief under our Article 66(d), UCMJ, authority despite Appellant's failure to demonstrate his entitlement to relief under *Lovett*. *See Gay*, 75 M.J. at 268. We find that they do not. Appellant's complaints do not indicate a denial of necessities or indifference to Appellant's health or safety that would amount to a legal error by the Air Force or by the confinement authorities. Considering the entirety of the circumstances, we find the conditions of Appellant's confinement at PCJ do not warrant relief.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court