# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39593**

————————————

**UNITED STATES**
*Appellee*

v.

**Colton A. MATTHEWS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 June 2020

————————————

*Military Judge:* Matthew D. Talcott.

*Adjudged sentence:* Bad-conduct discharge, confinement for 18 months, reduction to E-1, and a reprimand. Sentence adjudged 23 August 2018 by GCM convened at Minot Air Force Base, North Dakota.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Thomas C. Franzinger, USAF; Major Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

Judge POSCH delivered the opinion of the court, in which Judge KEY joined. Chief Judge J. JOHNSON filed a separate opinion concurring in part and in the result.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

POSCH, Judge:

A general court-martial composed of officer members found Appellant guilty, contrary to his pleas, of one specification of sexual abuse of a child by

indecent communication, and one specification of sexual abuse of a child by indecent conduct, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[1] Both convictions involve Appellant's use of a cell phone to communicate sexually explicit language and send sexually explicit images and videos to AG, a child who had not attained the age of 16 years. Appellant was sentenced to a bad-conduct discharge, confinement for 18 months, reduction to the grade of E-1, and a reprimand. The convening authority approved the adjudged sentence.

Appellant raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that (1) the military judge erred in admitting digital evidence that was extracted from Appellant's and AG's phones, and (2) conditions of Appellant's post-trial confinement amount to cruel and unusual punishment and warrant sentencing relief. Finding no error or sentencing relief warranted, we affirm the findings and sentence.

## I. BACKGROUND

Appellant's convictions are founded on sexually explicit text messages, pictures, and videos he sent to 12-year-old AG. Appellant had been friends with AG's older sister for about ten years, and received AG's cell phone number from her sister. AG thought of Appellant as an older brother and they began communicating using their phones. In the fall of 2017, AG handed her phone to her mother to share a "meme" she found online. Her mother saw a new text message from Appellant in the phone's notification, which led AG's mother to discover sexually explicit pictures and videos Appellant sent to her daughter. AG's mother reported Appellant's conduct to the local county sheriff. Special Agents of the Air Force Office of Special Investigations (AFOSI) were notified of the report, obtained AG's phone, and an investigation of Appellant's conduct ensued.

In findings, the trial counsel presented texts, pictures, and videos that AFOSI obtained from AG's phone. The evidence was obtained using an extraction tool an AFOSI investigator borrowed from a field office of the Federal Bureau of Investigation. The trial counsel presented evidence obtained using the extraction tool to show Appellant sent texts to AG about the size of his penis and what Appellant told AG it would be like to have sexual intercourse. The evidence also showed sexually explicit discussions between Appellant and AG about female genitalia, oral sex, masturbation, massages, and whether AG had pubic hair. Investigation revealed eight pictures, and four videos, showing

---

[1] All references in this opinion to the Uniform Code of Military Justice, Military Rules of Evidence, and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

nude women and sexually explicit behavior on AG's phone. AG testified that Appellant sent her the texts, pictures, and videos.

At the close of Appellant's court-martial on 23 August 2018, Appellant entered military confinement at Minot Air Force Base, North Dakota. The record of trial includes an approved inmate transfer to the Naval Consolidated Brig, Charleston, South Carolina, with a requested transfer date of 13 September 2018. There are no other transfer records in the record of trial that might indicate where Appellant served the balance of his confinement. On 8 November 2018, Appellant submitted clemency matters to the convening authority, which were silent about conditions of post-trial confinement.

Appellant claims for the first time on appeal[2] that he has been maltreated because of complications with a new prison phone system and the prison staff was biased toward sex offenders. Specifically, Appellant complains the phones do not allow calls to the Office of the Inspector General, the sexual assault response coordinator, or the Prison Rape Elimination Act[3] helplines, thereby enabling staff to mistreat inmates without recourse. Appellant contends guards compete to see who can "write up" the most inmates; a staff member known for bias against inmates with a sexual assault-related conviction serves on the parole hearing board; and multiple parole hearing board members have admitted they "have an unfavorable recommendation automatically inputted for any inmate eligible for parole."

Appellant contends the mistreatment extends to living conditions and Appellant lacks access to his personal funds. On warm days when inmates are made to go outside, "the facility does not provide enough water or cups." Inmates have also been made to remain outside in the rain while guards take their breaks. Finally, Appellant claims he has repeatedly asked that his personal funds be placed in a system so he can have access to them. Although the staff claims to have permitted access, Appellant claims he "has continued to demonstrate they have not" and nothing is done to resolve the matter.

We have examined Appellant's claims and note Appellant does not identify particular staff members who have committed acts of maltreatment, much less the facility, military or civilian, where he is confined. And, there is nothing in the record to indicate Appellant complained to his chain of command or filed a grievance with confinement officials to seek resolution of his complaints.

---

[2] Appellant supplies this information in his brief and did not provide an affidavit or declaration.

[3] 34 U.S.C. §§ 30301–30309.

## II. DISCUSSION

### A. Digital Evidence Extracted from AG's Phone

Appellant asserts the military judge erred in admitting text messages, pictures, and videos that the AFOSI investigator obtained from AG's phone. We find Appellant waived appellate review of this issue.

#### 1. Additional Background

Before trial, the Government gave Appellant's trial defense counsel copies of the evidence that the AFOSI investigator had extracted from AG's phone. After trial counsel agreed to redact some of the text messages it intended to offer, the trial defense counsel variously made Mil. R. Evid. 403 and 404(b), relevance, and hearsay objections to four texts.

After the military judge held a hearing and ruled on the objections, the trial counsel moved to admit its exhibits in an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session before voir dire. The trial counsel offered text messages found on AG's phone as Prosecution Exhibit 1, and pictures and videos found on AG's phone as Prosecution Exhibit 2.[4] The military judge asked trial defense counsel if she had any objection to Prosecution Exhibit 1. Trial defense counsel stated, "Understanding that [the Government] do[es] have the witnesses necessary to lay foundation and authentication, no objection." The military judge asked trial defense counsel if she had any objection to Prosecution Exhibit 2, and she similarly replied, "Your Honor, again, we acknowledge that the witnesses are present and based upon trial counsel's good faith assertion they do have the witnesses necessary to lay the foundational authentication, no objection."

Later at trial, and after the military judge admitted both exhibits, trial counsel called the AFOSI investigator who obtained the evidence from AG's phone. The investigator acknowledged he did not have specialized training in performing phone extractions, and did not have help from someone trained and qualified to obtain the information. The investigator admitted he was not an expert using the tool he used to perform the extraction.

#### 2. Law

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Eslinger*, 70 M.J. 193, 197 (C.A.A.F. 2011) (citation omitted). Whether Appellant has waived an issue is a question of law

---

[4] Trial counsel described Prosecution Exhibit 2: "There are eight images of women posing in sexual positions; they are unclothed. And there are four videos of various women performing sexual acts, such as masturbation, or sexual acts with other women. And then there are two Universal Forensic Extraction Device (UFED) reports that show how those videos were actually found on the victim's phone."

that we review de novo. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citation omitted). In *United States v. Campos*, our superior court held an appellant waived his right to challenge the admissibility of a stipulation of expected testimony when trial defense counsel affirmatively responded he had no objection to the stipulation; had been given advance notice of the stipulation; had considered the impact of the stipulation on the appellant's case; and when the appellant, on appeal, had not alleged ineffective assistance of counsel. 67 M.J. 330, 332–33 (C.A.A.F. 2009).

Failure to object to the admission of evidence forfeits review of the issues absent plain error. *Eslinger*, 70 M.J. at 197–98 (citations omitted). Whereas forfeiture is a failure to assert a right in a timely fashion, waiver is "the intentional relinquishment or abandonment of a known right." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citation omitted).

A Court of Criminal Appeals (CCA) is empowered to consider claims even when those claims have been waived. *See United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) (citing Article 66(c), UCMJ, 10 U.S.C. § 866(c)).

**3. Analysis**

After the military judge admitted Prosecution Exhibits 1 and 2, the Defense made a point to highlight on cross-examination that the AFOSI investigator did not have any special training, and raised doubt about whether he was qualified to perform the extraction from AG's phone. On appeal, Appellant claims some text messages were either missing or deleted, and there is no evidence Appellant sent AG the pictures found on AG's phone.

We find Appellant waived his right to challenge the authenticity and foundation for admitting Prosecution Exhibits 1 and 2 because trial defense counsel had been given notice of both exhibits, she affirmatively responded she had no objection, and gave as a reason for not objecting that trial counsel had witnesses available who were necessary to authenticate the evidence and lay a foundation for admissibility. Additionally, trial defense counsel made specific objections to four texts, and at the time she made those objections she did not also object to any texts, pictures, or videos on grounds of authenticity or foundation. Understanding that we have the authority under Article 66, UCMJ, and *Chin* to consider Appellant's waived objections, we find the underlying facts are such that we leave Appellant's waiver intact. *See Chin*, 75 M.J. at 223.

**B. Conditions of Post-Trial Confinement**

Appellant urges this court to find he was subjected to impermissible confinement conditions in violation of Article 55, UCMJ, 10 U.S.C. § 855, or the

Eighth Amendment.[5] Appellant also contends the conditions warrant sentencing relief under this court's Article 66(c), UCMJ, authority to approve only so much of a sentence that, based on the entire record, should be approved.

### 1. Law

"Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, UCMJ, except where legislative intent to provide greater protections under Article 55, UCMJ, is apparent." *United States v. Gay*, 74 M.J. 736, 740 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016); *see also United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citation omitted).

"[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [appellant]'s health and safety; and (3) that [appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938 [2000]."

*Id.* (third and fourth alterations in original) (footnotes omitted) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

The United States Court of Appeals for the Armed Forces (CAAF) emphasized, "[a] prisoner must seek administrative relief prior to invoking judicial intervention to redress concerns regarding post-trial confinement conditions." *United States v. Wise*, 64 M.J. 468, 469 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001)). "This requirement 'promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has been developed [to aid appellate review].'" *Id.* at 471 (alterations in original) (quoting *Miller*, 46 M.J. at 250). Except under some unusual or egregious circumstance, an appellant must demonstrate he or she has exhausted the prisoner grievance process provided by the confinement facility and has

---

[5] U.S. CONST. amend. VIII.

petitioned for relief under Article 138, UCMJ. *White,* 54 M.J. at 472 (citation omitted).

Under Article 66(c), UCMJ, we have broad authority and the mandate to approve only so much of the sentence as we find "correct in law and fact and determine, on the basis of the entire record, should be approved." *See also United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002) (observing that the "legislative history of Article 66 reflects congressional intent to vest broad power in the Courts of Criminal Appeals").

### 2. Analysis

We find Appellant's post-trial claims do not demonstrate circumstances warranting relief under Article 55, UCMJ, or the Eighth Amendment. We conclude that even if the facts as asserted by Appellant are true, there is insufficient evidence of an objectively, sufficiently serious act or omission that resulted in the denial of necessities. *See Lovett*, 63 M.J. at 215.[6] The information falls far short of any wrongful intent, namely, a culpable state of mind of an identifiable official amounting to deliberate indifference to Appellant's health and safety. *See id.* Finally, the record does not demonstrate any evidence that Appellant attempted to use any grievance process to address complaints of mistreatment. *See id.*

Having resolved Appellant's Article 55 and Eighth Amendment claims, we next consider if our review of Appellant's sentence "on the basis of the entire record," Article 66(c), UCMJ, permits or precludes our consideration of the post-trial conditions Appellant presents for the first time on appeal. We conclude Article 66(c) limits our review to the record and thus precludes consideration of Appellant's statements of fact about those conditions.

In *United States v. Jessie*, the CAAF observed that some of the court's precedents hold that CCAs "may consider only what is in the record" when reviewing a sentence under Article 66(c), UCMJ. ___ M.J. ___, No. 19-0192, 2020 CAAF LEXIS 188, at *6 (C.A.A.F. 6 Apr. 2020) (citation omitted). The CAAF noted that the leading case for these precedents is *United States v. Fagnan*, 30 C.M.R. 192 (C.M.A. 1961), in which the appellant asked the Army Board of Review not to approve his punitive discharge based on a favorable psychiatric assessment and a favorable report regarding his conduct while in confinement. *Jessie*, 2020 CAAF LEXIS 188, at *8–9 (citing *Fagnan*, 30 C.M.R. at 193). The Army Board of Review declined to consider these documents, explaining that

---

[6] Having applied the decisional framework announced in *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997), for evaluating conditions of post-trial confinement, and considered the entire record, we find we can resolve the issues raised by Appellant without additional factfinding. *See United States v. Fagan*, 59 M.J. 238, 242 (C.A.A.F. 2004).

because the submission "concerns matters which occurred months after the convening authority acted upon the sentence and forwarded the record of trial, it is not a part of the record subject to review under Article 66." *Jessie*, 2020 CAAF LEXIS 188, at *9 (quoting *Fagnan*, 30 C.M.R. at 193). The Court of Military Appeals, the predecessor to the CAAF, affirmed, holding that under Article 66(c), UCMJ, "the board of review is expressly restricted by Congress to the 'entire record' in assessing the appropriateness of the sentence." *Id.* (quoting *Fagnan*, 30 C.M.R. at 194). The *Jessie* court reiterated the reasoning in *Fagnan* that "if military justice proceedings are to be 'truly judicial in nature,' then the appellate courts cannot 'consider information relating to the appropriateness of sentences when it has theretofore formed no part of the record.'" *Id.* (quoting *Fagnan*, 30 C.M.R. at 195).

In *Jessie*, our superior court concluded that "*Fagnan* established a clear rule that the CCAs may not consider anything outside of the 'entire record' when reviewing a sentence under Article 66(c), UCMJ." *Id.* (citation omitted). Specifically in regard to conditions of post-trial confinement, "[t]he rule in *Fagnan* does not preclude the CCAs from considering prison conditions when reviewing a sentence under Article 66(c), UCMJ, *if the record contains information about those conditions.*" *Id.* at *10 (emphasis added); *see also id.* at *18 n.10 ("Because both the sentence appropriateness and correctness in law determinations require a decision based upon the 'entire record,' we need not determine whether posttrial confinement conditions fall under one or both provisions.").

Here, the "entire record"[7] contains no information about the conditions of Appellant's post-trial confinement, which fall short of "a legal deficiency" in violation of Article 55, UCMJ, or the Eighth Amendment. *Id.* at *10–11 (quoting *United States v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016)). Thus, we are precluded from considering Appellant's statement of facts about the conditions in our Article 66(c), UCMJ, sentencing review. In *Gay*, the CAAF affirmed a decision of this court that reduced an appellant's sentence under Article 66(c), UCMJ, because prison officials, without justification, had made him serve part of his sentence in maximum security solitary confinement. *Gay*, 75 M.J. at 266. Information about these conditions were part of the record of trial because the appellant had requested additional confinement credit when he complained about the conditions to the convening authority. *Id.* at 265–66. Unlike *Gay*,

---

[7] *See* R.C.M. 1103(b)(2) (contents of the record) and R.C.M. 1103(b)(3) (matters attached to the record). In addition, the "entire record" includes briefs and arguments that appellate counsel and appellant personally present regarding matters that are already in the record of trial, R.C.M. 1103(b)(2), or have been attached to the record of trial under R.C.M. 1103(b)(3). *See Jessie*, 2020 CAAF LEXIS 188, at *8 (citing *United States v. Healy*, 26 M.J. 394, 396 (C.M.A. 1988)).

neither the record of trial nor the matters attached to Appellant's record of trial mentions the conditions Appellant raises for the first time after the convening authority took action in Appellant's case.

It may seem incongruous to consider outside-the-record matters to evaluate Appellant's Article 55 and Eighth Amendment claims, and then not consider those matters in this court's Article 66(c), UCMJ, review of Appellant's sentence. Nonetheless, our superior court has declined to further erode precedents like *Fagnan* to so require it, noting, "We see nothing in the statutory text [of Article 66(c)] requiring special treatment for all appeals raising statutory or constitutional claims." *Jessie*, 2020 CAAF LEXIS 188, at *18; *see also* at *17 (rejecting contention "that appellants should have the right to supplement the record [for a CCA's Article 66(c) sentencing review] whenever they raise claims of constitutional or statutory violations").[8]

Following our Article 66(c), UCMJ, mandate to approve only so much of a sentence that, based on the entire record, should be approved, we conclude this court lacks authority to consider granting Article 66(c), UCMJ, sentencing relief on the basis of Appellant's claims about the conditions of post-trial confinement.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

J. JOHNSON, Chief Judge (concurring in the result):

I agree with my colleagues in the majority that Appellant waived his objection to the digital evidence from AG's phone, and that he is not entitled to relief for cruel or unusual confinement conditions in violation of the Eighth Amendment[1] or Article 55, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 855. However, I do not join them in concluding that our superior court's decision in *United States v. Jessie*, ___ M.J. ___ , No. 19-0192, 2020 CAAF LEXIS 188

---

[8] "The 'entire record' restriction . . . applies equally whether the CCA is reviewing a sentence's correctness in law, reviewing a sentence's correctness in fact, or determining whether a sentence should be approved." *Jessie,* 2020 CAAF LEXIS 188*,* at *18 (footnote omitted).

[1] U.S. CONST. amend. VIII.

(C.A.A.F. 6 Apr. 2020), precludes our review of the appropriateness of Appellant's sentence pursuant to Article 66, UCMJ, 10 U.S.C. § 866, in a case such as this where Appellant raises his Eighth Amendment and Article 55, UCMJ, claims for the first time on appeal and bases them on material outside the original record of trial.

That question was not before the United States Court of Appeals for the Armed Forces (CAAF) in *Jessie*, where the granted issue involved alleged violations of the First[2] and Fifth[3] Amendments. *Jessie*, 2020 CAAF LEXIS 188 at *2. We have previously found this court does have the authority to grant relief for sentence appropriateness where an appellant seeks relief for an alleged Eighth Amendment and Article 55, UCMJ, violation based on information outside the original record of trial. *See, e.g., United States v. McGriff*, No. ACM 39306, 2018 CCA LEXIS 567, at *24–25 (A.F. Ct. Crim. App. 11 Dec. 2018) (unpub. op.), *rev. denied*, 78 M.J. 487 (C.A.A.F. 2019).[4] Our sister court recently published an opinion concluding that Article 66, UCMJ, jurisdiction over sentence appropriateness does exist in such circumstances, notwithstanding the CAAF's decision in *Jessie. United States v. Jacinto*, ___ M.J. ___, No. 201800325, 2020 CCA LEXIS 136, at *42–43 (N.M. Ct. Crim. App. 2020). Of course, this court is not bound by that determination, and I do not purport here to adopt the reasoning of our Navy and Marine Corps counterparts. The point is that I believe the CAAF's position on this point is undecided and unclear.

Moreover, I note Article 66, UCMJ, is the fundamental source of this court's authority to review any issue, to include alleged violations of the Eighth Amendment and Article 55, UCMJ. It does seem incongruous (to borrow the majority's term) to find that, under *Jessie*, we have jurisdiction to review alleged violations of the Eighth Amendment and Article 55, UCMJ, based on material outside the original record of trial, but to find we lack jurisdiction to consider such materials for the purpose of "affirm[ing] only such findings of guilty and the sentence . . . as [we] find correct in law and fact and determine, on the basis of the entire record, should be approved"—which is our fundamental charge and mandate in accordance with the text of Article 66 itself. *See United States v. Gay*, 75 M.J. 264, 268 (C.A.A.F. 2016).

Finally, and importantly, I do not believe the circumstances of this case require us to divine how the CAAF would rule in this scenario. The CAAF has

---

[2] U.S. CONST. amend. I.

[3] U.S. CONST. amend. V.

[4] The CAAF noted its denial of the petition for review did not indicate that it "either agree[d] or disagree[d] with the merits of a lower court's resolution of the case." *United States v. McGriff*, 78 M.J. 487 (C.A.A.F. 2019) (per curiam).

indicated that our discretionary authority to grant sentencing relief under Article 66, UCMJ, is bounded by the requirement that we identify a "legal error or deficiency." *Gay*, 75 M.J. at 268. With or without the material related to his Eighth Amendment and Article 55 claims, Appellant has failed to demonstrate such a legal error or deficiency that would authorize this court to modify his sentence as a matter of law, rather than as mercy or clemency. *See United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The CAAF may one day adopt the position the majority now takes. However, in my view, it has not done so yet, and I would resolve sentence appropriateness on the basis that Appellant has failed to demonstrate an error that would authorize us to grant relief as a matter of law in accordance with *Gay*.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court